Case 4:25-cv-05604   Document 5   Filed on 11/24/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SALIMBHAI MANSIYA, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-05604 |
| § | |
| KRISTI NOEM, *et al.*, § | |
| § | |
| Respondents. § | |

## TEMPORARY RESTRAINING ORDER

The petitioner, Salimbhai Mansiya (A# 201-291-928) is a detainee in the custody of United States Immigrations and Customs Enforcement. He has filed a petition for a writ of habeas corpus.

### I.   Background

The facts asserted below are taken from the petition. The petitioner is a citizen of India. He received a final removal order on August 15, 2011. He was under an Order of Supervision. Mansiya was taken into custody on November 18, 2025. He contends that his arrest and detention are unlawful, and he and fears removal to a third country.

### II.   Legal Standards

There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened

injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

### III.    Analysis

#### A.    Likelihood of Success on the Merits

Mansiya cites several federal statutes and regulations to support his claim that his arrest and detention, more than 14 years after his release on an Order of Supervision, are unlawful, and that removal to a third country would violate federal law. He demonstrates a likelihood of success on the merits.

#### B.    Irreparable Harm

Petitioner fears that he will be transferred out of the Southern District of Texas before this Court has an opportunity to consider the merits of his petition. Such a transfer would constitute irreparable harm.

#### C.    Relative Injury

As noted above, the petitioner would suffer irreparable harm if he were transferred. The respondents suffer no harm from an order requiring that he remain in this district. This factor lands in favor of the petitioner.

### D. Public Interest

Prohibiting the respondents from acting to thwart this Court's jurisdiction serves the public interest.

### E. Conclusion

All four factors weigh in favor of granting temporary injunctive relief.

### F. Notice and Security

The Court takes judicial notice of the fact that the government has, in recent memory, removed and attempted to remove detainees from the United States during the pendency of their judicial proceedings. The risk of petitioner's imminent removal mooting these proceedings necessitates waiving notice to the respondents prior to the issuance of this order.

Rule 65 of the Federal Rules of Civil Procedure also requires security to compensate the non-moving party for any financial harm it may suffer from compliance with the order. In this case, the respondents will not suffer any such harm from releasing the petitioner from custody. The Court therefore waives any requirement that the petitioner post security.

## IV. Order

It is hereby ORDERED as follows:

1. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the Southern District of Texas while this order remains in effect; and

2. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect.

The Court will schedule a hearing on the petition.

This temporary restraining order is entered on November 24, 2025 at 2:20 p.m. and will expire 14 days therefrom unless dissolved earlier or extended by court order.

It is so ORDERED.

SIGNED on November 24, 2025, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge